IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-191-S (6) |
| | § | |
| JUAN DAVILA, JR., | § | |
|     Defendant. | § | |

## ORDER DENYING "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE"

### I. BACKGROUND

Defendant Juan Davila, Jr. ("Davila") was sentenced by this Court on January 14, 2004 to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, a $100 special assessment, and a $200 fine. (D.E. 374). Judgment of conviction and sentence was entered January 24, 2004. (D.E. 387). He did not appeal. On March 21, 2005, the Clerk received from him a motion pursuant to 28 U.S.C. § 2255, asserting a sole claim pursuant to United States v. Booker, 125 S. Ct. 738 (2005). The Court denied the motion in an order entered March 29, 2005, on two separate grounds. (D.E. 479). First, the Court noted that Davila had validly waived his right to file a § 2255 motion, and that the Booker claim fell squarely within the scope of his waiver. Second, the Court concluded that Davila could not assert a viable Booker claim because Booker is not retroactively applicable on collateral review. Final judgment in those § 2255 proceedings was entered on March 29, 2005. (D.E. 480). Davila did not appeal.

On December 7, 2005, the Clerk received from Davila a "Motion to Eliminate Enhancements and Reduce Sentence," (D.E. 495), now pending before the Court and addressed herein.

1

In his motion, Davila once again relies on Booker, arguing that his Sixth Amendment rights were violated because his sentence was enhanced based on facts not found by a jury beyond a reasonable doubt nor admitted by him. He requests "a review of his case and a sentence reduction, eliminating the enhancements in his case." (D.E. 495 at 2). For the reasons set forth herein, the motion is DENIED.

## II. CHARACTERIZATION OF MOTION

Nowhere does Davila's motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for his challenge is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

The Court further notes that, even if Davila had styled his motion as a § 2255 motion, he would not be entitled to relief because this Court cannot consider his motion unless he obtains first overcomes a significant procedural hurdle. Specifically, his motion would be a "second or successive" § 2255 motion and he has not obtained permission from the Fifth Circuit to file it. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."). Absent such permission, this Court would not have jurisdiction to consider his motion, even if it were construed as a § 2255 motion.

Finally, the Court notes that the Fifth Circuit has recently squarely held that <u>Booker</u> is not retroactively applicable on collateral review. <u>United States v. Gentry</u>, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Thus, even if his claim were properly before this Court, it would be denied on its merits. <u>Booker</u> does not provide a basis for relief to a defendant, such as Davila, whose conviction became final before the case was decided. <u>Gentry</u>, 2005 WL 3317891, *6 and n.2.

### III. CONCLUSION

For the foregoing reasons, Davila's motion (D.E. 495) is DENIED.

It is so ORDERED this 26th day of December 2005.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE